# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAMILLE MAYHAMS,** : | **CIVIL ACTION NO. 1:06-CV-0279** |
| **Plaintiff** : | (Judge Conner) |
| v.  : | |
| **LUZERNE COUNTY CORRECTIONAL** : **FACILITY**, et al., : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court is a *pro se* complaint (Doc. 1) filed by plaintiff Camille Mayhams ("Mayhams"). She seeks to proceed *in forma pauperis*. (Doc. 5). For the following reasons, the complaint will be dismissed.

Under 28 U.S.C. §1915(e) the court is charged with screening *in forma pauperis* actions. Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (i) is frivolous or malicious. . . ." 28 U.S.C. §1915(e)(2)(B)(i). This provision grants a court the power to dismiss claims that are based on an "indisputedly meritless" legal theory or on factual contentions that are "clearly baseless." Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). However, *pro se* complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Mayhams, an inmate at the Luzerne County Correctional Facility ("LCCF") alleges that on January 18, 2006, she was questioned by the deputy warden and a captain about female correctional officer, Susan Smith ("Smith"). (Doc. 1, p. 6). When she indicated that she and Smith were friends, both the deputy warden and the captain commented "[w]hat did [Smith] get a hold of you allready [sic]?" (Id.) The captain further commented that her story was well-rehearsed and unbelievable. She claims that she was threatened with a transfer to Clinton County for lying. Although she remains at LCCF, she was moved from the minimum offenders' building the following day. (Doc. 1, p. 7). As relief, she seeks an apology from the defendants for calling her a liar. (Doc. 1, p. 4).

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D.Pa. 2001).

It is well-settled that harassment, mere threatening language or gestures of an officer do not, even if true, amount to a constitutional violation. Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir. 1973)(overruled on other grounds); Maclean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); Murray v. Woodburn, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185,

189 (D.N.J. 1993) ("verbal harassment does not give rise to a constitutional violation enforceable under §1983"); Balliet v. Whitmire, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("Verbal abuse is not a civil rights violation. . . ."), aff'd, 800 F.2d 1130 (3d Cir. 1986) (Table). Carter v. Cuyler, 415 F. Supp. 852, 856 (D.C. Pa. 1976). Verbal harassment or threats, with some reinforcing act accompanying them, however, may state a constitutional claim. See Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992) (concerning a guard who put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D.N.J. 1988) (involving a prison employee who threatened an inmate with a knife).

In the instant case, Mayhams has filed this lawsuit because she was referred to as a liar and purportedly threatened with a transfer. Mayhams' claim is a far cry from a cognizable harassment claim involving physical threats or egregious acts designed to reenforce the harassment. Clearly, the facts as alleged do not constitute a constitutional violation.

Moreover, the fact that Mayhams was moved within the correctional facility after her exchange with the captain and the deputy warden also fails to rise to the level of a constitutional violation. An inmate has no entitlement to a particular custodial/security classification within a prison. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); James v. Reno, 39 F. Supp. 2d 37, 40 (D.D.C. 1999). Nor does an inmate have a justifiable expectation that he will be incarcerated in a particular prison. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Montanye v. Haymes, 427 U.S. 236, 242 (1976).

To the extent that the complaint may be liberally construed to suggest that the intraprison transfer was in retaliation for her alleged lies, Mayhams fares no better. In order to prevail on a retaliation claim, she has to prove that the conduct that led to the alleged retaliation was constitutionally protected, that she suffered some "adverse action" at the hands of prison officials, and that exercise of the constitutional right was a substantial or motivating factor in the challenged action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). Mayhams does not allege that she was engaged in constitutionally protected activity, nor could she; the complained of conduct simply arose out of a conversation.

The court finds that it is readily apparent that Mayhams' complaint lacks an arguable basis in law, and will accordingly dismiss it as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate order will issue.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        March 28, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAMILLE MAYHAMS,** : | **CIVIL ACTION NO. 1:06-CV-0279** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **LUZERNE COUNTY CORRECTIONAL** : | |
| **FACILITY, et al.,** : | |
| : | |
| **Defendants** : | |

### ORDER

AND NOW, this 28th day of March, 2006, upon consideration of plaintiff's complaint (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis* (Doc. 5) is GRANTED for the sole purpose of filing this action.

2. The complaint (Doc. 1) is DISMISSED as frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).


    /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge